IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WALTER KIMBLE                                                               PLAINTIFF
ADC #122135

V.                              NO. 4:16-CV-00195 DPM-PSH

RANDALL EOFF, *et al.*                                                      DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Walter Antoine Kimble, III, an inmate in the custody of the Arkansas Department of Correction ("ADC"), filed this *pro se* civil rights complaint against defendants Randall Eoff, Sheriff Mike Smith, Alisha Hardy, and Mike Hardy (the "Defendants"). *See* Doc. No. 2. Kimble alleges that Defendants violated his constitutional rights by not providing him with "adequate portions of nourishing food, access to medical and dental care when indicated, clean living quarters and a healthy, safe, and secure environment." Doc. No. 2 at 5. Specifically, Kimble alleged he

was not tested for tuberculosis ("TB") when he was admitted to the Conway County Detention Center (the "Jail"); he was possibly exposed to TB at the Jail; the Jail did not have TB lights; there was mold in the Jail; and the meals did not contain enough calories. *Id.* at 4-6. Kimble also complained that the Jail did not properly respond to his grievances. *Id.* at 4. Kimble sues the Defendants in both their individual and official capacities. *Id.* at 2. He seeks $3.5 million in damages on his official capacity claims, and $100,000 against each defendant in his or her individual capacity. *Id.* at 7.

Before the Court is a motion for summary judgment, a brief in support, and a statement of undisputed material facts filed by Defendants (Doc. Nos. 21-23). Kimble did not file a response to the Defendants' motion. Because Kimble failed to controvert the facts set forth in Defendants' statement of undisputed facts, Doc. No. 23, those facts are deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*,

497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Facts

The following facts are undisputed:

1. Kimble was booked into the Jail on September 23, 2015. *See* Doc. No. 23-1 at 2; Doc. No. 23-3 at 2.

2. Kimble was released to the custody of the ADC on November 13, 2015. *Id.*

3. Kimble was a pre-trial detainee during the time of the events referred to in his complaint. *See* Doc. 2 at 3.

4. Kimble filed grievances concerning inadequate meals, exposure to mold, the Jail not having tuberculosis ("TB") lights, inmates not being tested for TB at the Jail, and Defendants not responding to grievances, among other things. *See* Doc. No. 2 at 8-17; Doc. No. 23-2.

5. Kimble was tested for TB by the ADC in November 2015 and the results were negative. *See* Doc. No. 23-4 at 13-19.

6. Defendant Eoff inquired into Kimble's November 1, 2015 grievance about inadequate meals and mold. *See* Doc. No. 23-2 at 10, 12, 13, 15.

3

7. On November 5, 2015, Defendant Eoff noted that he checked with other inmates and the kitchen about Kimble's complaints about his meals. Doc. No. 23-2 at 13.

8. Defendant Eoff confirmed the mold Kimble referred to in his grievances was food that had been thrown on the ceiling. Doc. No. 23-2 at 12, 15.

9. Conway County had a contract with a third party food provider in 2015 who, in turn, ensured a licensed dietician confirmed that the meals inmates were being fed in 2015 met the 2,300/2,500 daily caloric intake requirement. Doc. No. 23-1 at 3.

10. Defendant Eoff, Jail Administrator from September 2015 to November 2015, noted in responses to Kimble's grievances that the Jail was seeking assistance from the Health Department concerning TB lights. *See* Doc. No. 23-2 at 7, 10, 12, 15.

11. Defendant Eoff, jail administrator from September 2015 to November 2015, noted in responses to Kimble's grievances that the jail was seeking assistance to test inmates for TB. *See* Doc. No. 23-2 at 7, 12, 15.

12. Shane West, the current Jail Administrator, confirmed that the Jail followed through with Defendant Eoff's representations about the TB lights and that TB lights were installed in the Jail on or about February 1, 2016. *See* Doc. No. 23-1 at 3.

13. Kimble was provided with access to medical treatment while he was incarcerated at the Jail. *See* Doc. No. 23-3 at 3-6.

14. Kimble submitted a request to see a doctor on October 28, 2015; he was transported to Allcare Correctional on October 29, 2015; and he began receiving medication on November 1, 2015. *Id.*

## IV. Analysis

### A. Official Capacity Claims

Defendants correctly assert that Kimble fails to state an official capacity claim. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, as county employees, the Defendants can be held liable in their official capacities in this case only if Kimble can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Kimble does not assert that a custom or policy of Conway County was the moving force behind the claimed violations of his constitutional rights. Accordingly, Defendants are entitled to summary judgment on Kimble's official capacity claims, and those claims should be dismissed.

### B. Qualified Immunity

Defendants argue they are entitled to qualified immunity with respect to Kimble's individual capacity claims because Kimble cannot establish a constitutional violation. Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law and is appropriately resolved on summary judgment. *McClendon*

*v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). Courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In considering whether the Defendants are entitled to qualified immunity, the Court first considers whether Kimble has presented facts sufficient to show the violation of a constitutional right as to any of his claims.

### *Eighth Amendment Cruel and Unusual Punishment Claims*

Kimble claims that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment based on his diet, his medical care, and the conditions of the Jail. Specifically, Kimble alleged he was fed an inadequate diet; he was not given requested medical treatment; he was not tested for TB when he was admitted to the Jail; he was possibly exposed to TB at the Jail; the Jail did not have TB lights; and there was mold in the Jail.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 at 834. To support an Eighth Amendment conditions violation, a plaintiff must prove the existence of objectively harsh conditions of confinement,

6

together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993); *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)). As a pre-trial detainee, Kimble's claims are evaluated under the Eighth Amendment's deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006) ("[D]eliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety.").

Inadequate Diet

Prisoners have a right to adequate nutrition, and failure to provide it may constitute deliberate indifference that violates the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). While an inmate is not generally entitled to receive a particular type of food, if the food provided is not nutritionally adequate, the Eighth Amendment may be implicated. *See Burgin v. Nix*, 899 F.2d 733 (8th Cir. 1990). Deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. Whether a deprivation falls below this threshold depends on the amount and duration of the deprivation. *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir.1999). *See also Whitnack v. Douglas County,* 16 F.3d 954 (8th Cir. 1994).

Here, Kimble does not claim that he was denied food while incarcerated in the Jail for nearly two months. Instead, he claims he did not receive enough calories per day. The undisputed evidence proves that Defendants were not deliberately indifferent to Kimble's complaints regarding his diet. Defendant Eoff, the Jail Administrator during Kimble's incarceration, checked

with kitchen staff regarding Kimble's complaints and determined that proper portions were served. *See* Doc. No. 23-2 at 13. Further, Conway County had the inmates' diet reviewed by a dietician to make sure the inmates received 2300 - 2500 calories per day. *See* Doc. No. 23-1 at 3. While the meals may not have been to his taste, Kimble has not established that he was denied the minimal civilized measure of life's necessities or that he was subjected to a substantial risk of serious harm. Additionally, Kimble has not claimed or proven that Jail meals caused him any injury. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. 1997e(e) (showing of physical injury required in federal civil action brought by inmate seeking compensatory damages for injury suffered in custody). Thus, there is no Eighth Amendment violation, and the Defendants are entitled to judgment as a matter of law on this claim.

<u>Medical Care</u>

To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir.1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id.; see also Farmer v. Brennan,* 511 U.S. at 837; *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).

The undisputed evidence shows that Kimble received medical treatment. He submitted a request to see a doctor on October 28, 2015, and was transported to a provider on October 29, 2015; he began receiving medication on November 1, 2015. *See* Doc. No. 23-3 at 3-6. Further, Kimble has not submitted any verified medical evidence into the record to prove that any alleged

8

delay in medical treatment caused him harm. *See Beyerbach v. Sears*, 49 F.3d 1324 (8th Cir. 1999) (an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide verifying medical evidence in the record to establish the detrimental effect of the delay) (overruled in part on other grounds). For these reasons, Defendants are entitled to summary judgment on Kimble's claims regarding his medical care.

Jail Conditions

Kimble has not shown that he was in fact subject to harsh conditions of confinement or that Defendants were deliberately indifferent to his complaints regarding these conditions. First, Kimble claimed there was mold in the Jail, but Defendants submitted evidence that Defendant Eoff had determined the alleged mold was actually food thrown on the wall. *See* Doc. No. 23-2 at 12, 15. Second, after Kimble complained that there were no TB lights in the Jail and that inmates were not tested for TB, Defendant Eoff sought assistance from the Arkansas Department of Health to begin such testing and install TB lights. *See* Doc. No. 23-2 at 7, 10, 12, 15. Shane West, the current Jail administrator, confirmed that the Jail followed through with Defendant Eoff's representations about the TB lights and that TB lights were installed in the Jail on or about February 1, 2016. *See* Doc. No. 23-1 at 3. Third, Kimble demonstrates no injury as a result of these allegedly harsh conditions. He was tested for TB by the ADC in November 2015, and the results were negative. *See* Doc. No. 23-4 at 13-19. Defendants are entitled to summary judgment on Kimble's claims regarding the conditions of his confinement.

*Grievance Procedure*

Kimble makes various complaints about the Jail's grievance process. Inmates do not have a constitutionally protected right to a grievance procedure. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy

9

procedure do not create liberty interest in access to that procedure). "'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Thus, Kimble's complaints regarding Conway County's grievance policy are not actionable under section 1983, and Defendants are entitled to summary judgment on this claim.

## V. Conclusion

For the reasons stated herein, Defendants' motion for summary judgment should be granted and this case should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc. No. 21) be GRANTED and Kimble's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 31st day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE